United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE D. ROCHA SANTIAGO**, Plaintiff. | § | |
| v. | § | Civil Action No. **1:25-cv-007** |
| **JOSEPH B. EDLOW**, Director, U.S. Citizenship and Immigration Services, Defendant. | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is: (1) Defendant Joseph B. Edlow's ("Edlow") "Motion for Summary Judgment" [Dkt. No. 27]; (2) Plaintiff Jose D. Rocha Santiago's "Opposition to Defendant's Motion for Summary Judgment" (Rocha Santiago's "Response") [Dkt. No. 33]; and (3) Edlow's "Reply to Plaintiff's Opposition to Motion for Summary Judgment" ("Reply") [Dkt. No. 34].

For the reasons provided below, it is recommended that the Court: (1) **GRANT** Edlow's Motion for Summary Judgment [Dkt. No. 27]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. JURISDICTION

The Court has federal question subject matter jurisdiction as Rocha Santiago alleges a violation of 8 U.S.C. § 1503. *See* Dkt. No. 1 at 1; 8 U.S.C. § 1503; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. UNDISPUTED FACTS[1]

### A. Rocha Santiago's Grandfather

Rocha Santiago's paternal grandfather, Mario Humberto Rocha ("Grandfather"), was born on February 27, 1949, at "R. San Andrés," in the municipality of Matamoros, Tamaulipas, Mexico. Dkt. No. 27-1 at 5. Grandfather's birth was registered on May 4, 1949. *Id.* The birth certificate lists both parents' nationality as "United States" and their address as "R. San Andrés." *Id.* at 5–6. The parties agree that both of Grandfather's parents were United States citizens by birth and that Grandfather acquired derivative United States citizenship. Dkt. No. 1 at 2; Dkt. No. 27 at 3–4.

Grandfather applied for a certificate of citizenship on a Form N-600 dated November 1, 1965. Dkt. No. 27-2 at 2. The application gives his address as "Guadalajara # 15 Col. Moderna., H. Matamoros, Tamps., Mexico." *Id.* In response to Item 3, Grandfather stated that he arrived in the United States at Brownsville, Texas, on "9-27-66," with the notation "N600 Hearing." *Id.* In the space for listing absences from the United States, the application states "Resides in Mexico." *Id.* The section for an immigration officer to record arrival records examined is blank. *Id.*

The application lists Grandfather's father, Jose Rocha, as born in San Antonio, Texas, on March 13, 1910. *Id.* at 3. It lists his mother, María Jesusa Sarabia, as born in Burleson County, Texas, on September 22, 1915. *Id.* Both parents are listed as living at 2617 Canal Street in Houston, Texas. *Id.* According to the application, Jose Rocha resided in the United States from 1910 to 1937 and from 1949 to "Present," and María Jesusa

[1] The following facts are drawn from the summary judgment record. These facts are undisputed unless otherwise noted.

Sarabia resided in the United States from 1915 to 1937 and from 1949 to "Present." *Id.* The application does not identify any period in which Grandfather himself was in the United States before September 27, 1966.

Grandfather swore to the application's contents before an immigration officer in Brownsville, Texas, on September 27, 1966. *Id.* at 5. The officer heard testimony from both parents that same day and recommended that the application be granted. *Id.* The recommendation was approved on September 30, 1966. *Id.* On October 4, 1966, the Immigration and Naturalization Service issued a Certificate of Citizenship. Dkt. No. 27-3 at 2. The certificate states that Grandfather became a citizen on February 27, 1949, and describes him as "now residing at Matamoros, Tamps., Mexico." *Id.*

**B. Rocha Santiago's Father and Uncle**

Rocha Santiago's father, Jose Domingo Rocha Montano ("Father"), was born on August 16, 1975, in Puerto Rico, Tamaulipas, Mexico. Dkt. No. 27-5 at 3. His birth certificate identifies his parents as Grandfather, listed as a United States national, and Irma Montano, listed as a Mexican national. *Id.* Plaintiff's uncle, Mario Humberto Rocha Montano ("Uncle"), was born to the same parents on November 28, 1976, in Valle Hermoso, Tamaulipas, Mexico. Dkt. No. 27-6 at 3. Father has never applied for or obtained a certificate of citizenship. Dkt. No. 1 at 2; Dkt. No. 27 at 7.

On January 21, 2020, Uncle signed his own Form N-600, claiming citizenship through Grandfather. Dkt. No. 27-7 at 11. USCIS received it on January 30, 2020. Dkt. No. 27-13 at 26. Part 6 of the form asked Uncle to "provide all the dates when your U.S. citizen biological father[…] resided in the United States," and to "[i]nclude all dates from your birth until the date you file your Form N-600." Dkt. No. 27-7 at 9. Under the heading

"Physical Presence in the United States," Uncle listed a single period for Grandfather: October 4, 1966, to January 21, 2020. *Id.* The remaining spaces were left blank. *Id.*

Uncle submitted several documents in support of his application. The first was a Social Security Administration printout produced on September 23, 2019. It reflects recorded earnings for Grandfather of $10.00 in 1966 and $2,269.15 in 1967, with earnings recorded in each year through 1981. Dkt. No. 27-8 at 2, 4. The second was an affidavit Grandfather signed before a notary in January 2020. Dkt. No. 27-9 at 2–3. In it, Grandfather stated: "I became a United States Citizen on October 4th, 1966 through derivation of my U.S. Citizen Parents[…] I have worked in the United States for many years of my life and exactly ten years before my son Mario was born in 1976." *Id.* at 2.

On June 9, 2020, USCIS issued a Notice of Continuance. It advised that the Social Security printout was "insufficient to determine physical[] presence." Dkt. No. 27-13 at 19–20. A second notice, dated July 27, 2020, requested proof that Grandfather had been physically present in the United States for ten years, including affidavits from third parties with knowledge of his residence and physical presence. *Id.* at 3–4, 24–25.

Uncle responded with a cover letter stating: "My father Mario Humberto Rocha Sr. became a U.S. citizen in 1966 at age seventeen and as soon as he obtained Citizenship, he and his family members lived and worked in the United States." *Id.* at 6. The letter added that Grandfather "worked many jobs and lived many years with one of his brothers so there was not much documentation to prove residence." *Id.*

Uncle also submitted sworn affidavits from five of Grandfather's siblings, each notarized in Harris County, Texas, in August 2020. *Id.* at 9, 11, 13, 15, 17. Each affidavit states that Grandfather "came into the United States for the first time around the age of seventeen [or 17] in the year 1966" for a citizenship interview. *Id.* Three of the affiants

attest to their knowledge of "the time [Grandfather] has been in the United States." *Id.* at 9, 13, 15. The other two affiants attest to their knowledge of the time Grandfather "has live[d] in the United States." *Id.* at 11, 17. Jose Angel Rocha further states that the siblings "had our Citizenship interview in the year 1966 in Brownsville, Texas," and that he and Grandfather "went to California in 1967 to work in the fields" before Grandfather returned to Houston. *Id.* at 13.

USCIS approved Uncle's application and issued him a certificate of citizenship on December 16, 2020. Dkt. No. 27-10 at 2; Dkt. No. 27-13 at 26–27. Grandfather died in Houston, Texas, on April 23, 2021. Dkt. No. 27-12 at 2.

The record also contains an incomplete memorandum from U.S. Immigration and Customs Enforcement concerning Father. Dkt. No. 33 at 1 & n.1; Dkt. No. 34 at 6–7 & n.2. The memorandum states that Father "presented a probative claim to U.S. citizenship." Dkt. No. 33 at 1. It also states that Grandfather was purportedly physically present in the United States "since his entry on September 27, 1966," and that "[s]ince his entry in 1966, [Grandfather] regularly traveled to Mexico on the weekends." Dkt. No. 34 at 6–7. Portions of the memorandum are not in the record, and the memorandum bears "pre-decisional" and "attorney work product" stamps. Dkt. No. 33 at 1 n.1; Dkt. No. 34 at 7 n.2.

### C. Rocha Santiago

Rocha Santiago was born on July 5, 1994, in Matamoros, Tamaulipas, Mexico. Dkt. No. 27-11 at 3. His birth certificate lists his father as Jose Domingo Rocha Montano. *Id.* It lists his mother as Blanca Esther Santiago Ortiz. *Id.*

## III. PROCEDURAL BACKGROUND

On April 22, 2022, Rocha Santiago filed Form N-600 with USCIS, claiming citizenship through Father. Dkt. No. 1 at 2. After requesting additional evidence, USCIS denied the application on November 7, 2023. USCIS concluded that Father was not a United States citizen and that, even if he were, he had not satisfied the physical-presence requirement prior to Rocha Santiago's birth. *Id.* at 4. The agency found that Rocha Santiago "only established [Grandfather] was in the United States for approximately 9 years prior to [Rocha Santiago's] father's birth in 1975." Dkt. No. 33 at 3. USCIS's Administrative Appeals Office dismissed Rocha Santiago's appeal on April 22, 2024. Dkt. No. 1 at 4. Rocha Santiago then filed this action under 8 U.S.C. § 1503(a)[2]. Dkt. No. 1.

## IV. LEGAL STANDARD

### A. Rule 56 Summary Judgment

A party may move for summary judgment by "identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a). The Court shall grant summary judgment when the movant shows there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Id*. Summary judgment is designed to "isolate and dispose" of factually unsupported claims which "no reasonable jury" would resolve in the claimant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (citing Fed. R. Civ. P. 50(a)(1)), *cert. denied*, 140 S. Ct. 649

[2] Rocha Santiago filed a previous action in this Court on June 14, 2024, which was dismissed without prejudice because he named an improper defendant. *See Rocha Santiago v. Limon*, No. 1:24-cv-00088 (S.D. Tex. Feb. 5, 2025).

(2019).

Nonetheless, because summary judgment is not intended to deprive litigants of their right to try genuinely contested issues, the movant bears the heavy burden to show the absence of a genuine issue of material fact. *United States v. Burket*, 402 F.2d 426, 430 (5th Cir. 1968); *Pitts v. Shell Oil Co.*, 463 F.2d 331, 335 (5th Cir. 1972); *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). Only after such a showing does the burden shift to the nonmoving party to demonstrate, through competent evidence in the record, that a genuine issue of material fact remains to be resolved. *Wise*, 58 F.3d at 195.

Facts are material when they might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether facts are material is determined by the applicable substantive law. *Id.*; *McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994). A factual dispute is genuine only if a "rational trier of fact" could find for the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). Federal law governs that inquiry. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1036 n.10 (5th Cir. 1982).

The Court is not limited to the pleadings at summary judgment and may consider "affidavits, depositions, motions, answers to interrogatories, stipulations and any other material properly before it." *Munoz v. Int'l All. of Theatrical Stage Emp. & Moving Picture Mach. Operators of U. S. & Canada*, 563 F.2d 205, 207 n.1 (5th Cir. 1977). The Court must view that evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in their favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

## V. DISCUSSION

Edlow contends that Rocha Santiago's claim fails as a matter of law because Rocha Santiago fails to produce evidence showing that his U.S. citizen father was physically present in the United States for at least ten years before his birth. Dkt. No. 27 at 1. Rocha Santiago contends that he produced sufficient evidence to overcome Edlow's Motion for Summary Judgment. Dkt. No. 33 at 7.

The parties agree that Father's claim to citizenship is governed by former 8 U.S.C. § 1401(a)(7) (1952), the provision in effect at his birth. Dkt. No. 27 at 7–8; Dkt. No. 33 at 2; Dkt. No. 34 at 1 n.1. Father therefore acquired derivative citizenship only if, before August 16, 1975, Grandfather was physically present in the United States for periods totaling at least ten years, and at least five of those years were after Grandfather turned fourteen. *Id.* It is undisputed that the post-age-fourteen component is satisfied. Dkt. No. 33 at 2. For purposes of this motion, Defendant does not contest that Grandfather was physically present in the United States from September 27, 1966, through Father's birth. *See id.*; Dkt. No. 34 at 2.

That period totals approximately eight years, ten months, and twenty days. The parties' dispute focuses on whether the record creates a genuine issue of material fact that Grandfather accumulated roughly thirteen additional months of physical presence in the United States before September 27, 1966. Dkt. No. 33 at 2; Dkt. No. 34 at 1–2.[3]

Edlow points to the absence of evidence supporting Grandfather's presence before his entry in 1966. Edlow also identifies evidence in the summary judgment record

[3] Edlow notes that, if Rocha Santiago's grandparents were unmarried when Father was born, Plaintiff would also need to show legitimation under 8 U.S.C. § 1409. That issue is not raised in the motion. Dkt. No. 27 at 8 n.5.

indicating that Grandfather entered the United States in September 1966 for the first time. Edlow cites Grandfather's Form N-600, which states that Grandfather arrived in the United States at Brownsville on "9-27-66". Dkt. No. 27-2 at 2. The application identifies no earlier presence. *See id.* Further, in their sworn affidavits, all five of Grandfather's siblings attest to the fact that Grandfather "came into the United States for the first time" in 1966. Dkt. No. 27-13 at 9, 11, 13, 15, 17. In 2020, Grandfather's own affidavit describes working in the United States "exactly ten years" before Uncle's November 1976 birth. Dkt. No 27-9 at 2. Grandfather submitted Social Security earnings records beginning in 1966. Dkt. No. 27-8 at 2.

If a movant properly supports its motion for summary judgment, the nonmovant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 325. "This burden is not satisfied with 'some metaphysical doubt as to the material facts.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Matsushita v. Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Rocha Santiago does not provide or identify any affidavit, testimony, or document that places Grandfather in the United States on any particular occasion before September 1966. Critically, Rocha Santiago does not identify any witness who could testify to such presence; his argument rests on inferences alone.[4] Rocha Santiago argues that a factfinder could reasonably infer that Grandfather spent time in the United States before September 1966, citing Grandfather's parents' residence in Houston from 1949 until

[4] Rocha Santiago cites this Court's decision in *Cano-Lopez v. Mayorkas*, No. 1:23-cv-44, 2024 WL 4101807 (S.D. Tex. July 10, 2024). However, this Court in *Cano-Lopez* found a genuine dispute of material fact as the result of a witness's testimony that affirmed Plaintiff's assertion that his father worked in the United States before he began residing in the United States. *Id.* at *2. Here, Rocha Santiago points to no evidence alleging that Grandfather was physically present in the United States before his entry in 1966.

Grandfather filed his N-600. Dkt. No. 33 at 5; Dkt. No. 2-2 at 4. Further, Rocha Santiago argues that Grandfather's Form N-600 and the siblings' affidavits do not show that Rocha Santiago might not have been physically present in the United States before 1966. Dkt. No. 33 at 5.

To find a genuine dispute of material fact, a factfinder would have to first infer that Grandfather visited the United States just because his parents lived there. The factfinder would then have to infer that those visits were frequent and long enough to total more than a year. Critically, no evidence in the summary judgment record supports either of these inferences. Further, even after considering Grandfather's Form N-600 and the siblings' affidavits in the light most favorable to Rocha Santiago, the form and affidavits are at best silent on prior physical presence.

After consideration of all the evidence and justifiable inferences in the light most favorable to Rocha Santiago, the Court finds that Rocha Santiago fails to present a genuine issue of material fact that Grandfather accumulated the requisite additional months of physical presence in the United States before September 27, 1966.

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Edlow's Motion for Summary Judgment [Dkt. No. 27]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VII. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **17th** day of **September, 2026**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**